NO. 26-1899

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

NATIONAL WILDLIFE FEDERATION, *et al.,*
*Plaintiffs-Appellees,*
and

STATE OF OREGON,
*Intervenor-Plaintiff-Appellee,*

v.

NATIONAL MARINE FISHERIES SERVICE, *et al.,*
*Defendant-Appellants,*

and

PUBLIC POWER COUNCIL, *et al.,*
*Intervenor-Defendants-Appellants.*

## APPELLEES' MOTION TO ASSIGN APPEAL AS A COMEBACK CASE

AMANDA W. GOODIN
MICHAEL MAYER
CHARISA GOWEN-TAKAHASHI
Earthjustice
810 Third Ave., Suite 610
Seattle, WA  98104
(206) 343-7340 | Phone
agoodin@earthjustice.org
mmayer@earthjustice.org
cgowentakahashi@earthjustice.org

*Attorneys for Plaintiffs-Appellees*

DAN RAYFIELD
Attorney General
ROLF MOAN
Senior Assistant Attorney General
1162 Court Street, NE
Salem, OR 97301-4096
(971) 720-9144 | Phone
rolf.moan@doj.oregon.gov

*Attorneys for Intervenor-Plaintiff-
Appellee State of Oregon*

DANIEL J. ROHLF
Earthrise Law Center
Lewis & Clark Law School
10015 S.W. Terwilliger Blvd., MSC 51
Portland, OR  97219
(503) 768-6707 | Phone
rohlf@lclark.edu

*Attorney for Plaintiffs-Appellees*

INTRODUCTION

Presently before the Court is an appeal of a preliminary injunction in the latest round of the long-running Endangered Species Act ("ESA") litigation involving the operation of the federal hydrosystem in the Columbia River Basin. Appellees National Wildlife Federation, *et al.* ("NWF") and the State of Oregon move to have this appeal—and any other appellate proceedings related to the district court orders in question—treated as a comeback case consistent with the Ninth Circuit's General Orders.[1] A single panel consisting of Circuit Judges A. Wallace Tashima, Sidney R. Thomas, and Richard A. Paez has heard all three of the prior appeals in this matter. *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, ("*NWF v. NMFS*"), 422 F.3d 782 (9th Cir. 2005) ("*NMFS VII*"), *NWF v. NMFS*, 524 F.3d 917 (9th Cir. 2008) ("*NMFS III*"), and *NWF v. NMFS*, 886 F.3d 803 (9th Cir. 2018) ("*NMFS IX*").[2] Following the original 2005 appeal in *NMFS VII*, the panel specifically granted motions to hear both *NMFS III* and *NMFS IX*.

---

[1] The Nez Perce Tribe, the Confederated Tribes and Bands of the Yakama Nation, and the State of Washington all participated as amici before the district court, support this motion, and intend to participate as amici. Fed. R. App. P. 29(a)(2).

[2] The abbreviations used in this filing for decisions in this case follow the naming conventions used in the district court's Amended Opinion and Order that is the subject of this appeal. *NWF v. NMFS*, 3:01-cv-00640-SI, 2026 WL 599621, at *1 n.2 (D. Or. Mar. 2, 2026) ("*NMFS X*").

The primary inquiry for determining a comeback case is whether the parties and issues currently on appeal are "substantially the same" as in matters previously considered by the same panel. Ninth Cir. Gen. Order 1.12; *see also* Ninth Cir. Gen. Order 3.6.d (encouraging panels to "accept a case that predominately involves the interpretation and application of the prior panel decision"). The federal Appellants' appeal arises out of the district court's grant of a preliminary injunction grounded in the ESA, the same statute that has been at the center of the three previous appeals, and it involves virtually identical parties and the same general facts and circumstances. The district court's opinion extensively cites to and relies on the prior decisions from this panel, and this appeal will undoubtedly revisit issues previously addressed by the panel. Accordingly, consideration by the same panel is not only appropriate under the Ninth Circuit's General Orders but also serves the larger public interest in promoting efficiency and judicial economy.[3]

PRIOR PROCEEDINGS

Over the course of the 1990s, close to a dozen salmon and steelhead species in the Columbia River Basin were listed for protection under the ESA. Since that

---

[3] Counsel for the plaintiffs-appellees conferred by email with the other parties in this matter. Federal appellants oppose this motion and intend to file a response. Intervenor-defendants in the matter below, the State of Montana and the Columbia-Snake River Irrigators Association take no position. At the time of filing, the remaining parties had not responded. Fed. R. App. P. 27-1(2).

time, the agencies that own and operate the federal dams on the Columbia and Snake rivers have consulted with the National Marine Fisheries Service ("NMFS") pursuant to the ESA over the impacts to these listed fish.[4] The consultations have produced a series of biological opinions ("BiOps") under section 7(a)(2) of the ESA. 16 U.S.C. § 1536(a)(2).

NWF filed the current case in 2001, challenging NMFS's 2000 BiOp. The State of Oregon intervened as a plaintiff, and subsequently the Nez Perce Tribe, the Yakama Nation, and the State of Washington joined as amici. In 2003, the district court found that the 2000 BiOp violated the ESA, remanded the BiOp to NMFS, and subsequently issued an injunction prohibiting the Corps from curtailing water spilled past select Snake and Columbia River dams. *NWF v. NMFS*, 254 F. Supp. 2d 1196, 1215–16 (D. Or. 2003) ("*NMFS I*"); Opinion and Order at 8–9, *NWF v. NMFS*, CV 01-640-RE (D. Or. July 29, 2004) (ECF 0491).[5] A revised BiOp followed in 2004, and the district court found that this BiOp too violated the ESA, again remanded to NMFS, and issued another injunction requiring higher levels of spill to protect salmon and steelhead. *NWF v. NMFS*, 2005 WL 1398223 (D. Or.

---

[4] The U.S. Army Corps of Engineers, the Bureau of Reclamation, and NMFS are all defendants in the case below and are Appellants here.

[5] "Spill" means "spilling water over certain dams versus running water through the turbines at specified times to augment flow during certain salmonid migration periods." *NWF v. NMFS*, 184 F. Supp. 3d 861, 881 n.42 (D. Or. 2016) ("*NMFS V*").

June 10, 2005) ("*NMFS VI*"); *NWF v. NMFS*, 2005 WL 2488447 (D. Or. Oct. 7, 2005).

In the first of a series of appeals by the federal defendants, in 2005 this Court largely affirmed the injunction. *NMFS VII*, 422 F.3d at 800 (Cir. J. Tashima, Thomas, Paez). When the remanded decision returned on appeal, the same panel accepted the appeal and later affirmed the decision on the merits in 2008. *NMFS III*, 524 F.3d at 938 (Cir. J. Tashima, Thomas, Paez); *see* Order, *NWF v. NMFS*, Ninth Cir. Nos. 06-35011; 06-35019 (Mar. 27, 2006) (Dkt. No. 23).[6]

NMFS then produced a 2008 BiOp, later supplemented by a 2010 BiOp. The district court again found NMFS's analyses violated the ESA, ordered yet another remand, and granted in part an injunction that included maintaining the previous court-ordered spill. *NWF v. NMFS*, 839 F. Supp. 2d 1117, 1129, 1130–31 (D. Or. 2011) ("*NMFS IV*"). While the Ninth Circuit did not hear an appeal of the decision, the full cycle resumed with NMFS's 2014 BiOp. The district court once more found violations of the ESA and again granted injunctive relief requiring additional spill. *NMFS V*, 184 F. Supp. 3d at 949–50; *NWF v. NMFS*, 2017 WL 1829588 (D.

---

[6] The same panel heard, and issued a decision in, a separate appeal of the district court's orders related to the 2004 BiOp brought by one of the defendant-intervenors. *Columbia Snake River Irrigators Ass'n v. Nat'l Wildlife Fed'n*, 230 F. App'x 659 (9th Cir. 2007).

Or. Apr. 3, 2017) ("*NMFS VIII*"). On appeal, the panel accepted the matter as a comeback case, and later the Court affirmed the grant of injunctive relief in the Court's third opinion from the same panel. *NMFS IX*, 886 F.3d at 825 (Cir. J. Tashima, Thomas, Paez); *see* Order, *NWF v. NMFS*, Ninth Cir. Nos. 17-35462; 17-35463; 17-35465; 17-35466; 17-35467; 17-355502 (Dec. 8, 2017) (Dkt. No. 38).

NMFS issued its most recent BiOp for federal Columbia and Snake River dam operations in 2020. NWF again challenged the BiOp and was again joined by Oregon. NWF's Corrected Eighth Supplemental Complaint, *NWF v. NMFS*, 3:01-cv-00640-SI (D. Or. Aug. 18, 2021) (ECF 2396); State of Oregon's Fifth Supplemental Complaint, *NWF v. NMFS*, 3:01-cv-00640-SI (D. Or. Mar. 4, 2021) (ECF 2325). In 2021, in a departure from the historical pattern of remand, injunction, and appeal, the federal government, plaintiffs, and amici entered into settlement negotiations, which ultimately led to a long-term stay agreement, representing the first serious effort to "break through [the] logjam that simply maintain[ed] the precarious status quo." *NMFS V*, 184 F. Supp. 3d at 876.

Unfortunately, that agreement collapsed on June 12, 2025, when the current presidential administration directed the relevant federal agencies to withdraw their participation. *See* Notice, *NWF v. NMFS*, 3:01-cv-00640-SI (D. Or. July 17, 2025) (ECF 2478). NWF and Oregon renewed their motions for a preliminary injunction to protect salmon and steelhead migrating in the spring and summer, joined by

plaintiff-aligned amici the Nez Perce Tribe, Yakama Nation, and the State of Washington. The court initially issued its opinion and order on February 25 (ECF 2667, 2668), following that with an amended opinion and order on March 2. *NMFS X*, 2026 WL 599621 (D. Or. Mar. 2, 2026) (ECF 2673, 2674). The court simultaneously denied a motion for reconsideration. ECF 2675. On March 26, the court denied the federal government's motion to dismiss the entire matter, ECF 2676, and the next day, the government filed its notice of appeal citing to all of the foregoing decisions. ECF 2677.

DISCUSSION

THIS MATTER SHOULD BE ASSIGNED TO THE PANEL THAT HAS HEARD ALL OF THE PRIOR APPEALS IN THIS CASE.

Ninth Circuit General Order 1.12 defines comeback cases as "subsequent appeals or petitions from a district court case or agency proceeding involving substantially the same parties and issues from which there previously had been a calendared appeal or petition." General Order 3.6.d provides further that a prior panel is "encouraged to accept a case that predominately involves the interpretation and application of the prior panel decision[.]" *See also id.* (indicating that a comeback case is an appeal "from a district court or agency decision following a remand or other decision by an argument panel").[7]

---

[7] The fact that all three of the judges presently have senior status is of no consequence. While General Order 3.2.a states that oral argument panels require

8

The basis for a comeback panel exists here. Not only the parties but also the underlying issues are essentially the same: namely, whether the 2020 BiOp, like its predecessors, violates the ESA and whether the district court's grant of preliminary injunctive relief is appropriate pending resolution of the case on its merits. Further, resolving this appeal will involve "interpret[ing] and apply[ing]" the panel's previous decisions in the context of another appeal involving the same legal issues and the same basic facts. Even were the Court to exercise jurisdiction to review the denial of the government's motion to dismiss, it would not alter the analysis. The matter is still "substantially" the same and will "predominantly" involve the Court's prior decisions. While there are efficiencies to considering both decisions together, it is the partial grant of a preliminary injunction that provides this Court with its anchoring jurisdiction. As a result, this appeal satisfies all the factors for a comeback case, and it should be assigned to the prior panel.

I.      THIS MATTER INVOLVES SUBSTANTIALLY THE SAME PARTIES AND ISSUES AS THE PRIOR APPEALS.

The present appeal arises from the most recent supplemental complaints filed by NWF and Oregon in the very same litigation as all three previous appeals.

---

the participation of at least one active judge, that is only true "at the time the panel is drawn." When the panel was originally drawn in 2004, both Judge Thomas and Judge Paez were active members of the Court. *Cf. Duncan v. Bonta*, 131 F.4th 1019, 1025 (9th Cir. 2025) (en banc) (affirming the validity of an en banc panel that was originally drawn with only active members of the court but with judges later taking senior status before the dispute returned as a comeback case).

*See* Ninth Cir. Gen. Order 3.6.d (recognizing the application of comeback cases when there is "a district court or agency decision following a remand or other decision by an argument panel"). Nearly every BiOp since the initiation of this case in 2001 has led to supplemental complaints with the same core parties contesting NMFS's flawed interpretations of the ESA. Over the past two decades, the panel has developed a familiarity with the requirements of the ESA as well as the complexities of Columbia and Snake River dam operations and their impacts on ESA-listed salmon and steelhead. This appeal would be most efficiently and effectively addressed by the panel that has heard and decided the prior appeals.

II.     THIS MATTER IMPLICATES THE INTERPRETATION AND APPLICATION OF PREVIOUS DECISIONS OF THIS COURT.

The district court's opinion that is the centerpiece of the federal defendants' appeal cites to and heavily relies on decisions of the prior Ninth Circuit panel in this litigation. The opinion recognizes that the 2020 BiOp is yet another entry in the series of flawed analyses previously confronted by this Court. *NMFS X*, 2026 WL 599621, at *8 (observing that the Ninth Circuit "has rejected BiOps by NMFS with similar deficiencies," citing *NMFS III*, 524 F.3d at 928–33); *id.* at *18 (noting the "long history of failed BiOps"). Specifically, the opinion extensively cites to *NMFS III* in its finding that the 2020 BiOp engaged in "an impermissible comparative analysis, similar to the one from the 2004 BiOp that was rejected by this Court and the Ninth Circuit." *Id.* at 8; *see also id.* at *10 ("The BiOp's

inclusion of dam operations in the baseline is improper under *NMFS III*"); *id.* (finding that a "similar comparison approach was rejected by the Ninth Circuit in reviewing the 2004 BiOp"). The court also found that the 2020 BiOp failed to adequately consider effects on recovery, relying on a jeopardy analysis "primarily focused on survival," again, as seen in the 2004 BiOp. *Id.* at \*13; *see also id.* at \*11 (rejecting the 2020 BiOp's reliance on uncertain benefits, referring to the previous "reliance on future benefits that were not sufficiently certain to occur," citing *NMFS III*). The court also looked to *NMFS IX,* 886 F.3d at 819, to dismiss the federal defendants' argument that the dams must be the exclusive source of harm to salmon. *Id.* at \*14; *see also id.* (rejecting the argument that an extinction-level threat is required to demonstrate irreparable harm, citing *NMFS IX*, 886 F.3d at 821). And, in the grand scheme, as with all of the panel's prior decisions, this appeal implicates the operation of federal dams in the Columbia Basin and the ESA-listed salmon and steelhead found there.

## CONCLUSION

The Court should grant this motion and assign all proceedings in this appeal to Circuit Judges Tashima, Thomas, and Paez, the panel that has heard all three of the prior appeals in this case, consistent with the Court's General Orders for comeback appeals and in the interest of promoting the efficient use of judicial resources.

DATED: March 31, 2026.

/s/ Amanda W. Goodin
AMANDA W. GOODIN (WSBA #41312)
MICHAEL MAYER (WSBA #32135)
CHARISA GOWEN-TAKAHASHI (WSBA #63091)
Earthjustice
810 Third Ave., Suite 610
Seattle, WA  98104
(206) 343-7340 | Phone
agoodin@earthjustice.org
mmayer@earthjustice.org
cgowentakahashi@earthjustice.org

DANIEL J. ROHLF (OSB #99006)
Earthrise Law Center
Lewis & Clark Law School
10015 S.W. Terwilliger Boulevard, MSC 51
Portland, OR  97219
(503) 768-6707 | Phone
rohlf@lclark.edu

*Attorneys for Plaintiffs-Appellees*

DATED March 31, 2026.

DAN RAYFIELD
Attorney General

/s/ Rolf Moan
DAN RAYFIELD
Attorney General
ROLF MOAN (OSB # 924077)
Senior Assistant Attorney General
1162 Court St. NE
Salem, OR 97301-4096
(971) 720-9144 | Phone
rolf.moan@doj.oregon.gov

*Attorneys for Intervenor-Plaintiff-Appellee*
*State of Oregon*

12

13

## CERTIFICATE OF SERVICE

I certify that on March 31, 2026, I filed the foregoing through the Court's

ACMS e-filing portal, which will automatically notify counsel of record.

/s/ *Amanda W. Goodin*
Amanda W. Goodin

13